IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 5:23-cr-40016-EFM-1

CARY R. JONES, JR.,

    *Defendant.*

**ORDER TO SHOW CAUSE**

This matter is before the Court on Defendant Cary Jones's Motion for Return of Property Pursuant to Rule 41(g). Defendant asks the Court to order the return of his property, his cellphone and keys. The United States agrees to return Defendant's keys but opposes returning Defendant's cellphone.

On April 2, 2023, officers seized Defendant's cellphone and keys, in connection with an investigation into two bank larcenies. Three days later, a grand jury indicted Defendant on one count of bank larceny and one count of attempted bank larceny. On May 9, 2023, a warrant was authorized to search Defendant's cellphone. The United States filed a motion to dismiss the Indictment against Defendant on June 15, 2023. The Court dismissed the Indictment without prejudice the next day.

On July 25, 2023, Defendant brought the present Motion seeking the return of his cellphone and keys because the Indictment was dismissed and the search warrant for the cellphone expired. Defendant further argues that the United States's evidentiary interest in the cellphone is "purely speculative" and requests the Court to order the return of Defendant's keys and cellphone. While the United States in response does not dispute the return of Defendant's keys, it claims continued possession of Defendant's cellphone is necessary because of its continued legitimate interest in the "potential evidentiary value of the [cellphone] and its link to the ongoing investigation."

Under Federal Rule of Criminal Procedure 41(g), a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." When recovery of property is sought through a Rule 41(g) proceeding, a person "must prove only a right to lawful possession of the property and an equitable right to its return, and no presumptions exist in favor of the government."[1] The government may "seize evidence for use in investigations and trial."[2] Generally, seized property should be returned after criminal proceedings have terminated.[3] However, to overcome this presumption, the government must demonstrate a legitimate reason to retain possession of the property.[4]

Here, the Government claims to have a legitimate interest in potential evidence that may be obtained from the cellphone and, therefore, declines to turn it over to Defendant. However, not only does the Government fail to specify just what evidence it hopes to obtain, it also does not

---

[1] *United States v. Penry*, 515 F. App'x 784, 788 (10th Cir. 2013) (citing *United States v. Clymore*, 245 F.3d 1195, 1201 (10th Cir. 2001) (further quotations omitted).

[2] *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001) (further citations omitted).

[3] *Rodriguez-Aguirre*, 264 F.3d at 1212 (further citations and quotations omitted).

[4] *Clymore*, 245 F.3d at 1201 (further citations and quotations omitted).

address the expired warrant in this case. Given that the warrant authorized the United States to search the cellphone in the first place, it is unclear how the Government could retrieve any information from Defendant's cellphone without that warrant. Nevertheless, the Court will give the Government an opportunity to show cause as to why it should be allowed to retain Defendant's cellphone despite the termination of criminal proceedings against Defendant and the expiration of the warrant.

**IT IS THEREFORE ORDERED** that the United States show cause by August 30, 2023 why Defendant's cellphone should not be returned to Defendant's possession.

**IT IS SO ORDERED.**

Dated this 17th day of August, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE